Good morning. I'm Cynthia Fort. I'm from Nashville, Tennessee. I represent John Martin. The case is before you on an appeal of a dismissal of my Section 2255 motion to vacate, set aside, or correct the judgment and sentence in an underlying case. The issue is the timeliness of my filing the petition. All of the appellate issues were not resolved until the filing of the document stamp dated September 27, 2005. I filed my petition September 26, 2006. I have three documents. They're part of the record. One is entitled Judgment, stamp filed September 27, 2005. The next is entitled Order, stamp filed September 27, 2005. And the third document in this set of documents, which were filed September 2000, yeah, September 27, 2005. Just to make sure I'm focused properly, what we're dealing with is the language in 2255 F1 that says, One year period of limitation shall run from the date on which the judgment of conviction becomes final. So the question is, when did it become final? And my contention is that it became final on September 27, 2005 because all of the appellate issues had not been resolved until the order was issued relating to and confirming the sentence. When I was here originally arguing the appeal, the panel found that the conviction of guilt was affirmed, but held in abeyance the sentencing issue and their specific language in that memorandum that says, My motion to supplement the argument and brief and the sentencing issue based on Blakely, which had come out, but Booker had not come out yet. And this court specifically said that you denied my request without prejudice pending the decisions in United States versus Booker and also Fan Fan. And accordingly, comma, the mandate shall be withheld pending the outcome of those cases and during the pendency of any further related motions in the present case. And it was my understanding and the government's understanding that we were still open on the appellate issue of sentencing. Now, does it make a difference that the statute says judgment of conviction or does judgment of conviction just mean judgment? You see, I'm asking whether there's a distinction here between conviction and sentence. I believe that according to Federal Rules of Procedure 32, that the judgment includes the conviction and sentence because it's not bifurcated. And judgment of conviction, in your view, in a statute, just means judgment. Yeah. It means the judgment of conviction and sentence, to be final. But also, with the intent of the rules, I believe it's clear you don't want to have bifurcated appeals. In other words, if you erroneously, this first document stamped judgment affirming the district court's decision, but also containing the language regarding the sentencing issue to be resolved at a later date, when you look at the language and it says any further related motions in the present case, well, I thought all parties, including this Court, were all on the same page because I didn't even have a chance to file a motion to have my sentencing issue reissued or reheard. The Court issued a direct order to me and the government to rebrief after Booker, which we did. And then this Court issued what I call the final judgment. But isn't it the additional sentencing issue addressed? Unfortunately, it didn't go my way. But isn't it true that you did only appeal the judgment? I only – no, that's not true, Your Honor, because I made a motion to supplement with Blakeley. The Court denied it without prejudice pending the outcome of Booker, and that is in the last paragraph of the file. Well, when I read the appeal of October 22nd, it doesn't talk about anything except the judgment. The original document filed was an appeal of the judgment. Then I moved to stop. You mean the appeal of the conviction. I mean the conviction. I'm sorry. Then I moved properly by motion to amend and add an argument on sentencing after Blakeley came out. And during this period of time, I'm sure the Court is well aware, with the Apprendi and then the Blakeley issues, and then Booker coming, well, in the pipeline, there were a lot of appeals. I had several that were basically the sentencing issues were held in abeyance until Booker came out, because my side of the bar was hopeful that it might have gone a little bit further, and it did. But it didn't. So even though I just feel like with the language saying the mandate should be withheld, and then even the clerk's notation saying it was issued in error when it first went back to Phoenix, that this document, the title judgment or whatever, was issued in error and then withdrawn, specifically withdrawn by this Court, and then I guess having an additional paragraph regarding the sentencing issue and the order, the memorandum and a separate order that was not filed in November, that this comprises the final judgment. And so I should have been timely. I mean, I could have had actually 90 more days in this circuit, but I practice in several different circuits, and I don't usually take a chance on that. I'm always within a year, because they are split. But your policy argument is that if we say that the time begins to run from the date of the memorandum disposition rather than, you know, the mandate, that is going to mean that when we've got a split between conviction and sentence, we're going to have two different appeals for the same case. You definitely would, yes. At least we run that risk. I would have had to go on and appeal the conviction. And I could have gone to the – I could have applied for writ of certiorari or gone on and attacked it under the 2255 petition. But then later, when you issued what I consider the real judgment on the 27th, which is almost a year later than the first one, I would then be appealing the sentencing issue or attacking sentence on the 2255. What do we do, if anything, with the Supreme Court rule that, for purposes of cert, distinguishes between judgment and mandate issue? In this particular instance, I believe that this is almost synonymous with a mandate. This document – Is your argument that it begins to run from the mandate, or that there's no final judgment until both issues are resolved? There's no final judgment until all appellate issues are resolved. And that occurred in September of 2005. And so I – the mandate language came from this Court. I consider this document entitled judgment that is stamp filed the 27th as the judgment, the final judgment, because it resolves all appellate issues. Is there another document that – This is the same – this judgment was erroneously sent to Arizona and filed and then withdrawn. Yes. But what I'm asking, is there an earlier judgment after the conviction? Is there any document that after the conviction states judgment, or is that the only document that's stamped judgment? This is the only document stamped judgment, but it was reissued with an order that addressed the sentencing issue that is stamp filed the 27th of 2005 only. This did not go down until September 2005. And then is there another document stamped judgment? There is a memorandum that went erroneously in November of 2005 and then is also re-stamped filed September of – I mean erroneously in November of 2004 and then re-stamped filed September of 2005. And that document contains the language addressing my sentencing issue and states that the mandate shall be withheld pending the outcome of those cases being Booker and Fanfan. And during the pendency of any further related motions in this present case, which clearly indicates to me that the case is still open, and then y'all ordered me to re-brief on the sentencing issue, as did the government, and the government never objected to the timeliness of my petition. I even gave them two extensions of time to respond, so he had the timeliness issue in his head. But I think it's clear that the judgment on all appellate issues was not final until the sentencing issue had been decided by this Court. Do you want to save your 30 seconds for rebuttal? Yes, Your Honor. Thank you. Thank you. We might give you another minute or so. That's okay. Good morning. Joan Rufenach appearing on behalf of the United States District of Arizona. The petition in this case is time-barred, and the reason for that is this. This Court entered a judgment affirming the conviction on November 23, 2004. Under Clay, if no petition for cert is filed, you count 90 days for the expiration of the time to file a petition for cert, and then a year from that date to have the 2255 statute of limitations. So in this case, the judgment was affirmed on November 23, 2004. The petition for cert had to have been filed by February 21, 2005, and then a year later. Let me ask you. My understanding of the district court has always been that there's only one judgment, and the final judgment is after the conviction and the sentence. Is that right? Correct. All right. In this Court, you're saying there can be two judgments in an appeal, one for the conviction and one for the sentence? No, that's not what I'm saying, and the reason for that is this. During the pendency of that one year of the statute of limitations, in July of 2005, this Court said, because Booker and Fanfan came out, if the parties want to seek a remand, they may file simultaneous briefs explaining why they believe they're entitled to remand. On September 27, 2005, this Court said that based on the filings of the parties and the law as it stands, the defendant was sentenced to a 240-month mandatory minimum sentence. Therefore, the mandate should issue forthwith because the district court would have no discretion. I don't understand how that's an answer to Judge Reinhart's question. It's because during the pendency between November 23, 2004,  and September, when this Court said that there's no action to be taken, this Court had the latent power to remand this case for resentencing, in which case the clock would have started over again because this Court would have entered an order from which there could be further appeals taken. But the Court didn't. But under your position, anyone in the defendant or petitioner's position, as soon as they get a judgment that says, okay, the conviction is affirmed, but we haven't decided on the sentence, in your view, they've got to appeal that right now, correct? That's to say, their time starts to run now, as soon as the conviction is affirmed, even though the sentence is still up in the air. But I'd submit to the Court that the sentence really wasn't up in the air because there was no appeal from the sentence in the original briefing. But the Court clearly says it's up in the air. And, of course, we know there was just a stack of those cases where it was up in the air. Exactly. Everybody in this dog knows that's up in the air. Didn't we assert jurisdiction over the sentence in the disposition? What you said is that supplemental briefing could be filed. Well, it said the remaining claims, and that's no, those are the others. Then it says section 5, is that asserting jurisdiction over sentencing, or is it something else? I'm sorry, section 5 of? Of the disposition, our disposition. Okay. Is it just saying that there's a motion on sentencing, which is not part of the appeal, or is it saying that we're asserting jurisdiction over the sentencing? In the government's view, it's saying that there's a motion pending because there was a motion pending to allow briefing on sentencing issues in light of the Supreme Court's pending decision in Booker-Fan-Fan. This Court denied the motion without prejudice. And when it issued its order or its judgment affirming the conviction in this case, it said the parties may file supplemental simultaneous briefs. By saying the parties may file, this Court kept basically latent or inherent jurisdiction to eventually rule on that. But it didn't change the finality of the conviction because we knew by September 27th of 2005 that this Court said there is no issue with regard to the sentence. We are not going to remand to the district court. Are you relying on the language then in 2255-F1 that says judgment of conviction, and that means judgment of conviction rather than judgment? No. Well, yes. Yes, and also that there were still five months left on the time clock on September 27th, 2005, when this Court said the mandate issues forthwith because the district court had no discretion but to sentence as it did. There were still five months left before February of 2006 when under the government's calculation the statute of limitations was run. I understand that, but I find this case hard. I mean, everybody's caught in the switches because there's some difficult language, there's a somewhat unusual circumstance. But if I'm talking about finality, and I'm talking about finality, and I'll just say of the case, I won't say finality, judgment, or conviction. I'll just say is this a final judgment? It's very clear that when this so-called judgment comes down and they've left open the sentencing issue under Booker and related cases, it's not final. There is the genuine possibility of more proceedings to come. Later it becomes final, but it's not final at this time. Now, you're trying to tell me, however, it's final for purposes of the clock starting to run. Why is it not final in the real world, yet final for purposes of the clock starting to run? Well, the Supreme Court has said that finality is not deferred by a court's latent power to revisit its decision or to reconsider its decision. This isn't latent. This is explicitly announced in Roman V of the court's order. I mean, it's not just of course, you know, there's a Rule 60 in a civil case. I mean, there are all kinds of ways where you can reopen things. But this is not you have the possibility of reopening if you just consult the rules. No, this is a very explicit saving out. The sentencing thing may be revisited. May be revisited, and it was revisited, and no action was taken, and so it was never sent back to the district court for any action. Well, I understand that. But until the court decided not to take action, I don't understand how in the real world, and just in terms of was there something that might yet happen, I don't understand how it could have been final until the court said, okay, we're not going to send back for resentencing. Now, you might argue that finality has a special meaning under 2255F1. It does say conviction, the affirmance of the conviction. But if that's what that means, that means that whenever you've got a bifurcated question of appeal and sentence, excuse me, of conviction and sentence, as soon as the conviction part is affirmed, that means your clock starts to run even if there had been a remand for sentencing. Do you really mean that? No. I don't mean that. I don't think so. I mean that if, and I believe it's the government's position, that the conviction became final when this court entered the memorandum decision. And had this court said we are remanding for resentencing, that it would have started the clock all over again. All right. Instead, the court simply issued the mandate on, and if you look at the mandate that was issued, it specifically says judgment, and it says the judgment was entered on November 23, 2004. Let me ask you this, because I'm trying to find out about your position. We do have cases, and state courts have cases, in which there's a final conviction, but the sentencing issue is not resolved. Let's assume they had appealed, clearly appealed both the conviction and the sentence. We had issued a memorandum disposition on the conviction, and we had said we will subsequently resolve the sentencing issue. Would your position be the same on that, or is your position based on what was said in paragraph 5 and the fact that there wasn't initially an appeal of the sentence? In other words, does your position apply to all cases in which we simply decide the conviction issue and hold the sentencing issue? I think the circumstances of this case are very unique because of the sea change in the sentencing law, because I think otherwise there would have been some litigation with regard to the sentence in the briefing itself, because the parties would have put forth some position with regard to sentencing. That didn't happen here. And so in the situation that you're describing, in the situation that you're describing, then I think that it would not be final, because you have told us that you're still considering the sentencing issue that was validly briefed and argued by both parties. But in this case, it was a sentencing issue that came about, and I see that my time is up. Okay. Okay. This was a sentencing issue that came about because of a sea change in the guidelines, or in sentencing, because all of a sudden they were advisory. And so it's a very unique circumstance. And so I think that this Court can decide this case on the circumstances of this case without necessarily giving it a broader meaning, because in this case, clearly, the mandate that issued said the judgment was entered and filed on 11-2304. And were this a case where there were no equities because, in fact, you didn't decide until more than a year later, that would be something. But in this case, you decided in September of 2005 when there were still five months on the clock and nothing was filed during that five months and no excuse was offered for failing to file in those five months. But the question is, when did it become final? And this initial memorandum with the Roman V, I just have trouble seeing, even though it might be called judgment, I have trouble seeing that it's final. And, again, I go back to saying that while the Court had the latent power because it was a new issue that was raised because of the Supreme Court's decision, that it was only if the Court then exercised some jurisdiction, that's a poor choice of words, only if the Court had said we're remanding, it then would raise the issues for the district court to decide. But first the Court had said in paragraph 5, we are deciding the issue of conviction, but specifically withholding decision on the matter of sentencing. What would your position then be as to when the final judgment was? I'm sorry. Could you repeat that? Yeah. If the Court had said we have an issue before us as to sentencing, we reserve judgment and will decide that issue after issuance of pending Supreme Court cases. Everything else was the same. I issued the first memorandum. It said judgment as to the conviction. If there were a sentencing issue that had been raised before you, you're issuing the memorandum decision that you've described, then I believe that the judgment would not be final until you issued the entire opinion. Okay. But it's because you don't read section 5 as really reserving a sentencing issue on the merits but only the authority to consider a motion. I believe that's correct because if you look at what the Court had said, it is leave to file supplemental briefing. There hadn't been any issue raised or any issue preserved at that point, so it would have been plain error review and the whole. And, in fact, what this Court found was. So as I understand your position, then, it's that there can't be two judgments, that this was a judgment of all the issues before the Court, but we said we'll consider any motion afterwards. If you have a motion about sentencing, we'll consider it. And that you distinguish from a judgment where there's really a sentencing issue that the Court said it is reserving. Yes, that is my position. And the reason for this is because, if I can finish, because if you said, as you did, that the parties are free to file supplemental briefing, if they never filed supplemental briefing, when would this become final? When we issued the mandate that we had with help. But Clay says that you don't count from the date of the mandate. Well, you don't normally. But you said if we reserved an issue and then parties didn't file further briefs on the issue, it would then become final. At some point, we decided that the issue was dead. And the way you would tell, I would guess. I don't know what other documents we would issue by mistake or otherwise. But if you needed to find a point when it became final, it would be when we did something that indicated it was final. As I recall, Clay, there was no dispute as to the finality of the judgment. I believe that's correct. There were two dates. So there was the final judgment, that date, and then there was the mandate. And the Supreme Court says, no, the statute starts to run from the date of the issuance of the final judgment. Right. But we're here discussing, debating whether or not this judgment is final. Not whether. Okay, I got it. Thank you very much. Thank you. Of course, I think the judgment was not final until September 27, 2005, and there was an additional document filed entitled order that was never filed in November, and it is the denial of my sentencing issue, which was raised in the direct appeal by a supplemental motion to supplement after Blakely came out. So it actually was before the court, and I clearly believe that the panel asserted jurisdiction over my case and the sentencing issue and held it open for supplemental briefing. The language is extremely clear to me, and if you look at the last sentence where this court said they were withholding the mandate pending the outcome of these cases and dependency of any further related motions in this present case, the present case was still alive regarding sentencing until the final judgment and the order addressing the sentencing issue had issued, and that was September 27, 2005. So I clearly would have been timely. Thank you. Thank you, counsel. Thank you. The case just argued will be submitted.
judges: Reinhardt, Fletcher W. , Smith N. R.